# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BOBBY LEE LEWIS, LAVAUGHN LEWIS, BETTY MATHISON, and BYRON BROWN,**

          **Plaintiffs,**

**-vs-**                           **Case No.  6:07-cv-533-Orl-22UAM**

**DJ & P TRANSPORTATION, INC.;  J & S LEASING, INC.; and BILLY ALLEN WILLIAMS,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO SERVE PROCESS ON DEFENDANT, BILLY ALLEN WILLIAMS (Doc. No. 12)** |
| **FILED:** | May 15, 2007 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiffs Bobby Lee Lewis, Lavaughn Lewis, Betty Mathison, and Byron Brown originally filed their complaint in state court on January 30, 2007.  Doc. Nos. 1, 2.  Defendant DJ & P Transportation, Inc. answered the complaint on March 21, 2007, and the case was removed to this Court on March 26, 2007.  Doc. Nos. 1, 3.  Plaintiffs have not yet effected service on Defendant Billy Allen Williams, and there is no evidence that they have effected service on Defendant J&S Leasing,

Inc. ("J&S"). On May 15, 2007, Plaintiffs filed a motion seeking an additional ninety days to serve Defendant Williams. Plaintiffs do not seek an extension as to Defendant J&S.

Federal Rule of Civil Procedure 4(m) provides that a case shall be dismissed if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. There is some authority for the proposition that the time to perfect service of process pursuant to Rule 4(m) runs from the date that a case was removed to federal court, rather than from the original filing date of the complaint. *See Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997). Rule 4(m) also provides that the Court shall extend time for service, "provided . . . that the plaintiff shows good cause for the failure" to effect timely service within 120 days of filing the complaint. Finally, a court may, in it discretion, extend the time to perfect service of process without a showing of good cause in certain circumstances. *See Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132-33 (11th Cir. 2005).

In the present case, the 120-day period to perfect service of process has not yet expired, whether measured from the original date the complaint was filed or from the date of removal. Because Plaintiffs presented evidence that indicates that Defendant Williams' whereabouts are presently unknown, I conclude that it is appropriate to extend the time for Plaintiffs to perfect service on both Defendant Williams and J&S until 120 days after the date the case was removed to this Court.

Accordingly, it is **ORDERED** that the time to perfect service of the remaining defendants is extended through July 24, 2007.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties